[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13034
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 29, 2008
THOMAS K. KAHN
CLERK

Agency Nos. A95-553-639,
A95-553-640

ANDRES OLIVERA,
ERIKA PATRICIA PEDRAZA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 29, 2008)

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner Andres Olivera ("Olivera"), a native and citizen of Colombia,

appeals from the Board of Immigration Appeal's ("BIA") decision, affirming the Immigration Judge's ("IJ") order denying asylum, and withholding of removal under the Immigration and Nationality Act ("INA") and the Convention Against Torture ("CAT"). On appeal, Olivera argues that the IJ's adverse credibility determination was clearly erroneous, and further asserts that he established past persecution, and a well-founded fear of future persecution so as to qualify him for asylum relief, and that he was eligible for withholding of removal under the CAT.

Where, as here, the BIA issues its own decision, our review is limited only to that decision, except to the extent that it expressly adopts the IJ's decision. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). An IJ's credibility determinations are reviewed under the substantial evidence standard, which provides that an IJ's decision will not be reversed, unless the evidence compels a reasonable factfinder to find otherwise. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230-31 (11th Cir. 2006) (internal quotations omitted). We must affirm if the decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Bigler v. U.S. Att'y Gen.*, 451 F.3d 728, 732 (11th Cir. 2006) (citation and quotation omitted). "The trier of fact must determine credibility, and [we] may not substitute [our] judgment for that of the [IJ] with respect to credibility findings." *D-Muhumed v. United States Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004).

2

The fact that an applicant provides "tenable" explanations concerning the "implausible aspects of his claim" does not compel a finding that the IJ's or BIA's credibility determination was not supported by substantial evidence, particularly where the applicant does not provide corroborating evidence. *Chen*, 463 F.3d at 1233. When an asylum applicant produces no evidence other than his testimony, an adverse credibility determination is alone sufficient to support the denial of an application for asylum and withholding of removal. *Ruiz v. United States Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006). On the other hand, if the applicant produces other evidence of his persecution, "it is not sufficient for the IJ [or BIA] to rely solely on an adverse credibility determination in those instances." *Id.*

Here, the IJ's adverse credibility determination is supported by substantial evidence. Moreover, because Olivera failed to provide corroborating evidence in support of his claim, the adverse credibility determination is sufficient to support the denial of is petition. Accordingly, we deny his petition for review.

**PETITION DENIED.**