[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15030
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2009
THOMAS K. KAHN
CLERK

Agency Nos. A098-858-347, A098-858-348

VIRGINA VALENZUELA DOMINGO-FRANCISCO,
MARIA BETANCOURTH MIGUEL-DOMINGO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 9, 2009)

Before BIRCH, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Virginia Valenzuela Domingo-Francisco and her daughter, Maria

Betancourth Miguel-Domingo, (collectively, "the Domingos"), proceeding pro se,

seek review of the Board of Immigration Appeals' ("BIA") decision affirming

without opinion the Immigration Judge's ("IJ") order denying their applications for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, and Degrading Treatment or Punishment ("CAT"), 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(c). The Domingos argue that the IJ's determination that there was no nexus between their Mayan ancestry and past or future persecution was not supported by substantial evidence. After careful review, we deny the petition.[1]

When the BIA affirms the decision of the IJ without opinion, we review the decision of the IJ. Bigler v. U.S. Att'y Gen., 451 F.3d 728, 732 (11th Cir. 2006). Here, the BIA affirmed the IJ's decision without opinion and expressly deemed it to be the "final agency determination." As a result, we review the IJ's analysis as if it were the BIA's. The IJ's factual determinations are reviewed under the substantial evidence test, and we must affirm the decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (quotation omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." Mazariegos v. U.S. Att'y Gen.,

<hr>

[1] The Domingos have not raised the issue of the IJ's denial of CAT relief on appeal. Accordingly, they have abandoned any argument as to this issue. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

241 F.3d 1320, 1323 (11th Cir. 2001). We review the record evidence in the light most favorable to the agency's decision and may not overturn findings of fact unless the record compels it. Forgue, 401 F.3d at 1286-87. The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). Notably, we construe a pro se petitioner's brief liberally. Lorisme v. I.N.S., 129 F.3d 1441, 1444 n.3 (11th Cir. 1997).

An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The Attorney General or Secretary of the Department of Homeland Security has discretion to grant asylum if the alien meets the INA's definition of a "refugee." 8 U.S.C. § 1158(b)(1). A "refugee" is:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A).

An alien may be eligible for asylum not only on the basis of persecution by a governmental group, but also on the basis of persecution by non-governmental group that the government cannot control. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247,

3

1257-58 (11th Cir. 2006). The asylum applicant carries the burden of proving statutory "refugee" status. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. An alien must demonstrate a nexus between past or future persecution and a protected activity by showing that the protected ground, "at least in part," motivated or would motivate her persecution. Rodriguez-Morales v. U.S. Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007) (holding that an alien must demonstrate a nexus between her persecution and a protected ground); Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006) (holding that the alien's persecution must, at least in part, be based on a protected ground). An applicant establishes a well-founded fear when he establishes that there is "a reasonable possibility he or she would be singled out individually for persecution," or that she is a member of, or is identified with, a group that is subjected to a pattern or practice of persecution. Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1174 (11th Cir. 2008) (quotation omitted). An asylum applicant may not show merely that she is a member of a particular social group, but must show that she was persecuted because of her membership in that social group. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 483 (1992).

4

On the record here, substantial evidence supports the IJ's determination that the Domingos failed to demonstrate a nexus between past persecution or a reasonable fear of future persecution and a protected ground. Specifically, the record shows that substantial evidence supports the IJ's determination that Domingo-Francisco and her family members suffered violence and harassment as a result of random acts of violence, rather than because of their Mayan ancestry. Adefemi, 386 F.3d at 1027. Indeed, Domingo-Francisco testified that she and her family members suffered violence in Guatemala, and asserted in her asylum application that she had been persecuted because of her Mayan race, but she did not testify that this violence was motivated by their Mayan ancestry. Instead, Domingo-Francisco testified that guerrillas threatened to rape her "because she didn't have a husband," and did not testify that the threatened rape occurred due to her race. And while she explained that her family suffered violence because her brother guarded the flag, she did not provide any testimony or other evidence that connected the act of guarding the flag with Mayan ancestry. In fact, in her written personal statement, Domingo-Francisco explained that the flag that her brother had guarded was a Guatemalan flag, and did not connect the flag with Mayan ancestry or culture. Likewise, her brother's civil patrol identification card and code of conduct evidenced his affiliation with the Guatemalan nationality rather than with Mayan ancestry or culture.

5

We recognize that the published reports and articles of record, including the country report, support an inference that Domingo-Francisco and her family could have suffered violence because of their Mayan identity. Based on this evidence, the IJ could have inferred that the violence Domingo-Francisco testified to was linked to her race. See Djonda, 514 F.3d at 1174 (holding that a petitioner may demonstrate eligibility for asylum or withholding of removal by showing that she was a member of group subjected to a pattern of persecution). These articles and Domingo-Francisco's testimony also, however, supported an inference that she and her family suffered harm as a result of random acts of criminal violence that lacked a racial motive. Ruiz, 440 F.3d at 1258 (holding that an alien who demonstrates that she was a victim of criminal activity that is not based on a protected ground is not eligible for asylum or withholding of removal). Thus, although this evidence could possibly support a finding that Domingo-Francisco and her family were persecuted on the basis of race, it does not compel this finding in light of Domingo-Francisco's testimony and the other evidence. Forgue, 401 F.3d at 1286-87; Adefemi, 386 F.3d at 1027. Moreover, the evidence provides substantial support for the IJ's finding that Domingo-Francisco and her family were not persecuted on the basis of race. Id. at 1286. As a result, the Domingos did not meet the burden for asylum.

6

Finally, because the Domingos failed to meet the burden for asylum, they necessarily failed to meet the burden for withholding of removal.   See id. at 1288 n.4 (holding that when a petitioner fails to "establish a claim of asylum on the merits, he necessarily fails to establish eligibility for withholding of removal").

**PETITION DENIED.**