[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16181
Non-Argument Calendar
_____

Agency No. A075-426-736

ANGEL FRANCISCO SOTO,

                                                      Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                      Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 24, 2017)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

During an interview with Department of Homeland Security (DHS) officers, Angel Soto signed a sworn affidavit admitting that he married a United States citizen so that he could become a lawful permanent resident. In light of that admission, DHS commenced removal proceedings against Soto. At his removal hearing before an Immigration Judge (IJ), Soto recanted his admission, claiming that he signed the affidavit under duress. One of the DHS officers who interviewed Soto, however, offered testimony that undercut Soto's claim of duress. The IJ concluded that the DHS officer's testimony was credible and Soto's testimony was not. And the IJ held that Soto is removable under the Immigration and Nationality Act for having procured admission to the United States through marriage fraud. *See* 8 U.S.C. § 1227(a)(1)(G). The Board of Immigration Appeals (BIA) affirmed the IJ's decision. Soto now petitions for review of the IJ and BIA's removal determination.

After careful consideration of the record and the parties' briefs, we deny Soto's petition for review. Soto argues that the IJ and BIA erred because (1) insufficient evidence exists to support removal and (2) due process violations tainted the removal determination. Neither argument is availing.

First, substantial evidence supports the removal determination. *See Bigler v. U.S. Att'y Gen.*, 451 F.3d 728, 732 (11th Cir. 2006) (per curiam) (reviewing an IJ's removal determination for substantial evidence); *Delgado v. U.S. Att'y Gen.*, 487

2

F.3d 855, 860 (11th Cir. 2007) (per curiam) (noting that the substantial-evidence standard is "highly deferential").  Soto's sworn affidavit and the DHS officer's testimony support the removal determination.  The affidavit includes an admission of marriage fraud, and the DHS officer's testimony corroborated the affidavit and confirmed its validity.[1]

Second, none of Soto's due process arguments have merit.  Soto, for example, argues that his due process rights were violated because the IJ allowed the DHS officer to testify telephonically.  But even assuming that the IJ's decision to allow telephonic testimony somehow violated Soto's due process rights, Soto has failed to show "substantial prejudice."  *See Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009) (internal quotation marks omitted).

**PETITION DENIED.**

---

[1] Soto argues that his own testimony discredited the affidavit, and he asserts that the DHS officer's testimony was not reliable.  However, the IJ and BIA found Soto's testimony unreliable and the DHS officer's testimony reliable, and both findings are supported by substantial evidence.  *See Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) ("[C]redibility determinations . . . are reviewed under the substantial evidence test."  (internal quotation marks omitted)).